providers, intended the Department to have the power to reach agreement through this simple process of offer and acceptance. If petitioners' interpretation of section 5—7 were accepted, the Department would be without authority to obtain adequate medical services at the lowest possible price. The Department could be forced to adjust rates upward even though the number of willing providers at the current rate exceed the need for services. Since the amended petition contains no factual averments to the contrary, we find that the term "negotiate" as used in section 5—7 does not preclude the Director from offering to pay medical providers at rates which he deems just. The petition does not meet the requirement of pleading material facts to show a clear breach of duty by respondents. Petitioners, for that reason also, were not entitled to a writ of mandamus.

For the reasons stated above, the order of the circuit court awarding a writ of mandamus is reversed.

Order reversed.

McGLOON, P. J., and DEMPSEY, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE McLENTON, Defendant-Appellant.

(No. 61568; ▮▮▮▮▮▮▮▮

First District (5th Division)—July 11, 1975.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago (Daniel E. Radakovich, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.